## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

HESTER JORDAN BURKHALTER, ARTHUR
BURKHALTER, BRANDY DANIELLE BURKHALTER,
AIRAH GRACE BURKHALTER (a minor), and
GABRIELLE IAN BURKHALTER (a minor),

                    Plaintiffs,

vs.

THE WALT DISNEY COMPANY, DISNEY PARKS AND
EXPERIENCES WORLDWIDE, INC., ROBERT IGER,
and WALTER CHAPEK, both individually and in their
capacities as Executive Chairman and Chief Executive
Officer of the Disney defendants, GEORGE KALOGRIDIS,
both individually and his capacity as President of Walt
Disney World Resort; THE REEDY CREEK
IMPROVEMENT DISTRICT ("RCID"), an unincorporated
landowner's association, WAYNE SCHOOLFIELD, both
individually and in his capacity as a member of the RCID
Supervisory board; JANE ADAMS, both individually and in
her capacity as a member of the RCID Supervisory board;
LAURENCE C. HAMES, both individually and in his
capacity as a member of the RCID Supervisory board,
MAXIMIANO BRITO, both individually and in his capacity
as a member of the RCID Supervisory board; DONALD R.
GREER, both individually and in his capacity as a member
of the RCID Supervisory board; KELLY JOE MISTELSKE,
both individually and in his capacity as Security Manager of
Resorts at Walt Disney World, THE SHERIFF'S
DEPARTMENT OF ORANGE COUNTY FLORIDA,
JOHN W. MINA, both individually and in his capacity as
Orange County Sheriff, WILLIAM VAN DER WATER,
both individually and in his capacity as Commander of the
Orange County Sheriff's Sector VI Command Substation, the
ORLANDO POLICE DEPARTMENT and CARLOS
TORRES, both individually and in his capacity as a captain
therein,

                    Defendants.

Case No. _____

State Court Case No.
2020-CA-007905-O

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§1441 and 1446, Defendant, George Kalogridis ("Defendant"), files this Notice of Removal of Plaintiffs' civil action from the Ninth Judicial Circuit Court of Orange County, Florida to this Court based on diversity of citizenship under 28 U.S.C. §1332.  In support of its notice, Defendant states as follows:

## BACKGROUND

1.      On or about August 5, 2020, Plaintiffs filed a civil action seeking damages for alleged tortious conduct in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida styled *Hester Jordan Burkhalter, et al. v. The Walt Disney Company, et al.*, Case No. 2020-CA-007905-O ("State Court Action").

2.      In accordance with Local Rule 4.02(b), true and legible copies of all papers on file with the state court—the Civil Cover Sheet and the Complaint—are attached as **Exhibit A**.

3.      Plaintiffs have not served any defendants.[1]  As of the date of filing, Plaintiffs have not requested the clerk of court issue an appropriate summons to effectuate service. Defendant, therefore, has not yet responded in state court and is not aware of any other pending motions or briefs.

4.      Nothing in this Notice of Removal shall constitute a waiver of Defendant's right to assert any defense, including a motion to dismiss, as the case progresses.

---

[1] Because Plaintiffs have not served any of the defendants, consent from all defendants to this action is not required.  *See North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1264 (M.D. Fla. 2009)

## REMOVAL IS TIMELY

5.      This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b) as it is filed prior to the expiration of thirty days after the date Defendant was served a copy of the Complaint.  *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (holding that the time to remove an action runs from receipt of service of process).

## VENUE

6.      Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division where the State Court Action is pending.

## BASIS FOR DIVERSITY JURISDICTION

7.      Plaintiffs include five individuals—each a resident and domiciled in North Carolina.  *See* Compl. at ¶¶8-11.  Plaintiffs, thus, are each citizens of the State of North Carolina.

8.      Defendant, The Walt Disney Company, is a Delaware corporation with its principal place of business in Burbank, California.   The Walt Disney Company, therefore, is a citizen of Delaware and California.  A true and correct copy of the record of the State of Delaware's Division of Corporations showing The Walt Disney Company's corporate information is attached hereto as **Exhibit B**.

9.      Plaintiff alleges defendant, Disney Parks and Experiences Worldwide Inc., is a wholly-owned subsidiary of The Walt Disney Company with its principal place of business in Lake Buena Vista, Florida.  *See* Compl. at ¶16.  Disney Parks and Experiences Worldwide

Inc., however, is not a proper party and is not an incorporated entity in any jurisdiction.[2] Nevertheless, based on Plaintiffs' allegations, this entity is a citizen of the State of Florida based on its alleged principal place of business.

10.     Robert Iger is domiciled in California, and thus a citizen of the State of California.

11.     Walter Chapek[3] is an unknown individual and this Court may disregard the citizenship of this defendant for purposes of removal.  *See* 28 U.S.C. §1441(b)(1).

12.     George Kalogridis is domiciled in Florida, and therefore, a citizen of the State of Florida.[4]

13.     The Reedy Creek Improvement District ("RCID"), is a political subdivision of the State of Florida.  *See* Reedy Creek Improvement District, Fla. Laws 67-764, available at https://www.rcid.org/wp-content/uploads/2015/10/RCID-Charter.pdf.   As such, RCID is a citizen of the State of Florida.  *See Univ. of S. Alabama v. Am. Tobacco Co*., 168 F.3d 405,

---

[2] Defendant cannot identify the entity Plaintiffs attempt to sue, and for purposes of the Court's jurisdictional analysis, the Court may disregard "the citizenship of defendants sued under fictitious names." 28 U.S.C. §1441(b)(1).  Moreover, even if Plaintiffs amend their Complaint, any future amendment does not preclude removal because subject matter jurisdiction must be assessed at the time of removal.  *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

[3] Assuming Plaintiffs intended to name Robert Chapek as a defendant, Mr. Chapek is domiciled in California and, thus, a citizen of the State of California.

[4] Although Defendant is a citizen of the forum State, 28 U.S.C. §1441(b)(2) does not preclude removal of this action as neither Defendant nor any other defendant considered a citizen of Florida has been properly joined and served.  *See Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc*., 955 F.3d 482, 485 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019); *Encompass Insurance Co. v. Stone Mansion Restaurant Inc.*, 902 .F.3d 147 (3d Cir. 2018).

412 (11th Cir. 1999) ("A public entity or political subdivision of a state, unless simply an "arm or alter ego of the State," however, is a citizen of the state for diversity purposes.").

14. Wayne Schoolfield is named as a supervisor on the RCID board. As required by the RCID Charter, *see* Reedy Creek Improvement District, Fla. Laws 67-764 at §4(1), available at https://www.rcid.org/wp-content/uploads/2015/10/RCID-Charter.pdf, Mr. Schoolfield is domiciled in Kissimmee, Florida, and therefore, a citizen of the State of Florida.

15. Jane Adams is named as a supervisor on the RCID board. As required by the RCID Charter, *see* Reedy Creek Improvement District, Fla. Laws 67-764 at §4(1), available at https://www.rcid.org/wp-content/uploads/2015/10/RCID-Charter.pdf, Ms. Adams is domiciled in Florida, and therefore, a citizen of the State of Florida.

16. Laurence C. Hames is named as a supervisor on the RCID board. As required by the RCID Charter, *see* Reedy Creek Improvement District, Fla. Laws 67-764 at §4(1), available at https://www.rcid.org/wp-content/uploads/2015/10/RCID-Charter.pdf, Mr. Hames is domiciled in Florida, and therefore, a citizen of the State of Florida.

17. Maximiano Brito is named as a supervisor on the RCID board. As required by the RCID Charter, *see* Reedy Creek Improvement District, Fla. Laws 67-764 at §4(1), available at https://www.rcid.org/wp-content/uploads/2015/10/RCID-Charter.pdf, Mr. Brito is domiciled in Orlando, Florida, and therefore, a citizen of the State of Florida.

18. Donald R. Greer is named as a supervisor on the RCID board. As required by the RCID Charter, *see* Reedy Creek Improvement District, Fla. Laws 67-764 at §4(1), available at https://www.rcid.org/wp-content/uploads/2015/10/RCID-Charter.pdf, Mr. Greer is domiciled in Windermere, Florida, and therefore, a citizen of the State of Florida.

19.    Kelly Joe Mistelske is domiciled in Orlando, Florida, and therefore, a citizen of the State of Florida.

20.    The Sheriff's Department of Orange County, Florida is not a legal entity with the capacity to be sued.  *See Faulkner v. Monroe Cty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013).  This Court may disregard the citizenship of this defendant for purposes of removal.  *See* 28 U.S.C. §1441(b)(1).

21.    John W. Mina is the Sheriff of Orange County, Florida, and thus, a constitutional officer.   *See* FLA. CONST. §1(d).  Sheriff Mina is domiciled in Florida, and therefore, a citizen of the State of Florida.

22.    William Van Der Water is sued in his capacity as Commander of the Orange County Sheriff's Sector VI Command Substation located in Lake Buena Vista, Florida.  *See generally*, Sector VI Command, Orange County Sheriff's Office, *available at* https://www.ocso.com/Services/Operational-Services/Uniform-Patrol-Division/Sector-VI. Mr. Van Der Water is domiciled in Florida, and therefore, a citizen of the State of Florida.

23.    The Orlando Police Department was created by the Orlando City Council, *see* Orlando Cht §48, and is considered a citizen of the State of Florida as a political subdivision of the State.  *See Univ. of S. Alabama*, 168 F.3d at 412.

24.    Carlos Torres is domiciled in Florida, and therefore, a citizen of the State of Florida.

25.    Therefore, under 28 U.S.C. § 1332, there is now complete diversity of citizenship between the respective parties and complete diversity existed when the State Court Action was filed.

26.     This case also satisfies the amount in controversy requirement as Plaintiffs seek $6 million in compensatory damages and $12 million in punitive damages.  *See* Compl. at ¶120.  On the face of the Complaint, Plaintiffs seek damages exceeding $75,000 thus satisfying the amount in controversy required for diversity of citizenship jurisdiction.   28 U.S.C. § 1332(a).

## NOTICE OF REMOVAL WILL BE PROVIDED TO THE CIRCUIT COURT

27.     Defendant is serving this written notice of the removal of this case on Plaintiffs' counsel, and a notice of filing this Notice of Removal will be promptly filed with the Clerk of the Ninth Judicial Circuit Court in Orange County, Florida in accordance with 28 U.S.C. §1446(d).

## CONCLUSION

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, George Kalogridis hereby removes the State Court Action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida to the United States District Court for the Middle District of Florida, Orlando Division.

Dated: August 31, 2020

Respectfully submitted,

/s/ Maureen B. Soles

**JERRY R. LINSCOTT**
Florida Bar No. 148009
Primary E-mail:  jlinscott@bakerlaw.com
Secondary E-mail: pkenaley@bakerlaw.com
**MAUREEN B. SOLES**
Florida Bar No. 1003803
Primary E-mail:  msoles@bakerlaw.com
Secondary E-Mail: smccoy@bakerlaw.com
    orlbakerdocket@bakerlaw.com
**YAMEEL L. MERCADO ROBLES**
Florida Bar No. 1003897
Primary E-mail:
ymercadorobles@bakerlaw.com
Secondary E-Mail: emachin@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Avenue
SunTrust Center, Suite 2300
Orlando, Florida 32801
Telephone (407) 649-4000
Facsimile (407) 841-0168

*Attorneys for Defendant, George Kalogridis*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 31, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the ECF System which will send a Notice of Electronic Filing and copy to the following:

Benjamin L. Crump, Esq.
Scott Carruthers, Esq.
Ben Crump PLLC
122 South Calhoun Street
Tallahassee, Florida 32301

Mark D. Marderosian, Esq.
Cohen & Marderosian
One Pennsylvania Plaza, Suite 1680
New York, New York 10119

Michelle K. Rayner-Goolsby
Civil Liberty Law Firm
1802 North Belcher, Suite 100
Clearwater, Florida 33765

*/s/ Maureen B. Soles*
Maureen B. Soles